IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   17-cv-01675-WYD-MJW

LORENZO CARDENAS-VILLESCAS,
GUADALUPE CARDENAS,
GUADALUPE CARDENAS JR.,
ESTEFANIA CARDENAS,
RAQUEL CARDENAS,
I.C., and
J.P.C.,

      Plaintiffs,

v.

CITY OF GREELEY, COLORADO, a municipality,
ZACHARY ST AUBYN, in his individual capacity,
CHRISTOPHER BIDWELL, in his individual capacity,
SAMANTHA BROWN, in her individual capacity,
SETH LUEDTKE, in his individual capacity,
JOHN MCNERNEY, in his individual capacity,
VALENTIN OLIVEROS, in his individual capacity,
BRETT RADIN, in his individual capacity, and
BRYN REID, in his individual capacity,

      Defendants.

---

## ORDER

---

THIS MATTER is before the Court on Plaintiffs' Rule 72(A) Objection to Order Granting Defendants' Motion to Stay (ECF No. 18), filed on September 20, 2017. Plaintiffs object to Magistrate Judge Michael J. Watanabe's Order Regarding Defendants' Motion to Stay (ECF No. 15), entered on September 6, 2017, in which he granted Defendants' Motion to Stay (ECF No. 13).   Defendants did not file a response

1

to Plaintiffs' Objection.  For the reasons stated below, Plaintiffs' Objection is overruled

and Magistrate Judge Watanabe's Order is affirmed.

Since Plaintiffs' Objection is timely, I must review Magistrate Judge Watanabe's

Order to determine whether it is "clearly erroneous or contrary to law" since the nature

of this matter is nondispositive.  Fed. R. Civ. P. 72(a).  "An order is clearly erroneous

when the reviewing court on the entire evidence is left with the definite and firm

conviction that a mistake has been made."  *Cook v. Rockwell Int'l Corp.*, 147 F.R.D.

237, 242 (D. Colo. 1993).  "The clearly erroneous standard  . . . requires that the

reviewing court affirm unless it 'on the entire evidence is left with the firm and definite

conviction that a mistake has been committed.'"  *Ocelot Oil Corp. v. Sparrow Industries*,

847 F.2d 1458, 1464 (10th Cir. 1996) (quoting *United States v. United States Gypsum

Co.,* 333 U.S. 364, 395 (1948)).  Review under the "clearly erroneous" standard is

"significantly deferential."  *United States v. Gallegos*, 314 F.3d 456, 462 n.3 (10th Cir.

2002) (quotation omitted).

Magistrate Judge Watanabe found that the following factors weigh in favor of a

stay of discovery in this matter: (1) the case is still in the early stages of litigation; (2)

Defendants responded to Plaintiffs' operative complaint with the pending Motion to

Dismiss (ECF No. 12), which could fully dispose of Plaintiffs' claims before engaging in

the discovery process; and (3) Defendants raised qualified immunity in their pending

motion to dismiss.  (*See* ECF No. 15 at 4).  Magistrate Judge Wantanabe concluded

that Plaintiffs' interest "to proceed expeditiously is outweighed by the burden on

Defendants of having to participate in discovery while a motion to dismiss that argues

that they are immune to suit is pending."  (*Id.*).

In their Objection, Plaintiffs assert that Magistrate Judge Wantabe's Order is clearly erroneous or contrary to law, or both, for three reasons.  First, Plaintiffs argue that Defendants' assertion of qualified immunity is conclusory, and thus granting a stay on this basis is unsupported.  Second, Plaintiffs contend that a stay of discovery is not warranted for their claims against the City of Greely and their state law claim, because qualified immunity is not an asserted defense to these claims.  Lastly, Plaintiffs argue that a stay is unwarranted because Defendants fail to present any substantive argument as to why qualified immunity would be appropriate.

Following a careful review of the file and relevant pleadings, I find that Magistrate Judge Wantanabe's conclusions are supported by the facts and follow controlling authority.  I do not find that the Magistrate Judge's ruling was clearly erroneous or contrary to law.  Further, based upon my review of the record and case law, I do not have a definite and firm conviction that a mistake has been made.  The procedural posture of the case and controlling law support his legal conclusions.  *See Lane v. Yohn*, No. 12-CV-02183-MSK-MEH, 2012 WL 4928216, at *3 (D. Colo. Oct. 15, 2012).  Thus, I find no error with this ruling.  Accordingly, I overrule Plaintiff's Objection.  It is

ORDERED that Plaintiffs' Rule 72(A) Objection to Order Granting Defendants' Motion to Stay (ECF No. 18), is **OVERRULED.**  Accordingly, Magistrate Judge Michael J. Watanabe's Order Regarding Defendants' Motion to Stay (ECF No. 15) is **AFFIRMED.**

Dated:  January 25, 2018.

BY THE COURT:


/s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE